UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUTH VILLAREAL,

           Plaintiff,

v.                                                     Case No. 21-CV-729

ROCKY KNOLL HEALTH CENTER,

           Defendant.

# ORDER

## 1. Background

Plaintiff Ruth Villareal is a licensed practical nurse who was previously employed by defendant Rocky Knoll Health Center. (ECF No. 1, ¶ 5.) Rocky Knoll is a skilled nursing facility that "provides skilled nursing and health care services to those individuals that are most at risk of suffering severe illness or death if they contract COVID-19." (ECF No. 5 at 1-2.) In the summer of 2020 it "enacted a policy requiring COVID-19 testing every two weeks for its staff, vendors, and volunteers." (*Id.* at 2.) Villareal asked for an exemption from that policy, claiming that her Hebrew Roots religion requires her to decline medical intervention in the absence of sickness. (ECF No. 1, ¶ 11.) Rocky Knoll did not grant her an exemption. (*Id.*, ¶ 16.) When Villareal

continued to refuse COVID-19 testing, Rocky Knoll terminated her employment. (*Id.*, ¶¶ 16-17.)

In her complaint Villareal alleges that in terminating her employment Rocky Knoll discriminated against her and failed to accommodate her religious beliefs in violation of Title VII. (ECF No. 1, ¶¶ 24, 25.) She also claims wrongful discharge under Wisconsin law. (*Id.*, ¶¶ 38, 39.) Rocky Knoll responds with a motion to dismiss, contending that the "entirety" of Villareal's complaint fails to state a claim upon which relief can be granted and that both her Title VII and wrongful discharge claims should be dismissed. (ECF No. 5 at 15.) The motion has been fully briefed and is ready for resolution. All parties have consented to the full jurisdiction of this court. (ECF Nos. 6, 7.)

2. **Applicable Law**

To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure a complaint must "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. A claim satisfies this pleading standard when its factual allegations "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555-56. The court accepts "all well-pleaded facts as true and constru[es] all

inferences in favor of the plaintiff[]." *Gruber v. Creditors' Prot. Serv.*, 742 F.3d 271, 274 (7th Cir. 2014).

3. Analysis

**3.1 Villareal's Title VII Claim**

Rocky Knoll claims that it "could not accommodate [Villareal's] request to be exempt from COVID-19 testing because it would cause [it] an overwhelming undue hardship." (ECF No. 5 at 5.) It argues that this is a proper basis for a motion to dismiss because "the question of undue hardship can be determined as a matter of law when the hardship is evident from the face of the complaint and the proposed accommodation would cause or increase safety risks or the risk of legal liability." *Id.* Villareal responds that Rocky Knoll's undue hardship argument "is not a proper basis for a motion to dismiss" and that Rocky Knoll's motion to dismiss her Title VII claim must be denied. (ECF No. 8 at 4.)

"[T]o establish a prima facie case of religious discrimination, a plaintiff must show that the observance or practice conflicting with an employment requirement is religious in nature, that she called the religious observance or practice to her employer's attention, and that the religious observance or practice was the basis for her discharge or other discriminatory treatment." *E.E.O.C. v. Ilona of Hungary, Inc.*, 108 F.3d 1569, 1575 (7th Cir. 1997). "[O]nce a plaintiff has established a prima facie case of religious discrimination, the burden shifts to the employer to make a reasonable accommodation

of the religious practice or to show that any accommodation would result in undue hardship." *Id.*

Taking the facts in Villareal's complaint as true, she has pled a prima facie case of religious discrimination: Her religious practice of declining medical intervention in the absence of sickness conflicted with Rocky Knoll's COVID-19 testing requirement (ECF No. 1, ¶¶ 11, 12, 15), she informed Rocky Knoll of her religious practice (ECF No. 1, ¶¶ 11, 23), and her religious practice was the basis for her discharge and other alleged discriminatory treatment (ECF No. 1, ¶ 16). Whether accommodating her religious practice would cause Rocky Knoll undue hardship "cannot be resolved on the pleadings alone." *Rodriguez v. City of Chicago*, No. 95 C 5371, 1996 WL 22964, at *3 (N.D. Ill. Jan. 12, 1996). An employer's argument that accommodating an employee's religious practice would result in undue hardship may be a proper basis for a motion for summary judgment, but not for a motion to dismiss. *Cf. E.E.O.C. v. Oak-Rite Mfg. Corp.*, No. IP 99-1962, 2001 WL 1168156, at *9 (S.D. Ind. Aug. 27, 2001). Therefore, Rocky Knoll's motion to dismiss Villareal's Title VII claim will be denied.

### 3.2 Villareal's Wrongful Discharge Claim

Rocky Knoll argues that Villareal's wrongful discharge claim also should be dismissed because she has not identified "a clear public policy that is embodied by a statutory or constitutional provision and then plausibly allege[d] that [her] employer required [her] to act in an unlawful manner as a condition of employment." (ECF No. 5

at 12.) Villareal responds that she has identified such a policy: because Rocky Knoll's testing instrument had not been approved by the Food and Drug Administration (FDA), under 21 U.S.C. § 360bbb-3 Rocky Knoll could not require her to use that instrument. (ECF No. 8 at 7-8.)

Wisconsin law provides "a cause of action for wrongful discharge when the discharge is contrary to a fundamental and well-defined public policy as evidenced by existing law." *Brockmeyer v. Dun & Bradstreet*, 113 Wis. 2d 561, 573, 335 N.W.2d 834, 840 (1983). This cause of action is interpreted as "a narrow public policy exception" to Wisconsin's employment at will doctrine and is applied infrequently as a result. *Id. See also Bushko v. Miller Brewing Co.*, 134 Wis. 2d 136, 145-46, 396 N.W.2d 167, 171-72 (1986).

According to Villareal, 21 U.S.C. § 360bbb-3 "contains a fundamental and well-defined public policy." (ECF No. 8 at 7.) Titled, "Authorization for Medical Products for Use in Emergencies," 21 U.S.C. § 360bbb-3 gives guidance as to the use of a product that the FDA has only authorized for emergency use. It provides in relevant part that "individuals to whom the product is administered" must be "informed" "of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product, and of the alternatives to the product that are available and of their benefits and risks." 21 U.S.C. § 360bbb-3(e)(1)(A)(ii).

Looking beyond the regulation's terms, Villareal claims that "the spirit of this section is that, since [an emergency use authorization] product is not FDA approved

5

Case 2:21-cv-00729-WED   Filed 11/17/21   Page 5 of 7   Document 14

and still experimental, for the protection of public interest, all use of this product must be voluntary and cannot be mandated." (ECF No. 8 at 8.) Therefore, she argues, Rocky Knoll's "termination of [her] upon her utilization of her rights to refuse an unapproved medical product under 21 U.S.C. § 360bbb-3 clearly violates paramount requirements of this public interest and is based on [her] conduct that is consistent with the spirit of [emergency use authorization] statutes." (*Id.* at 8-9.)

But 21 U.S.C. § 360bbb-3's terms only require that Villareal be "informed … of the option to accept or refuse administration of the product, of the consequences, if any, of refusing administration of the product." And those requirements were met. (*See* ECF No. 1, ¶¶ 10, 28.) "The more a court moves beyond the terms of the statute, the more encompassing the 'narrow' [wrongful discharge] public policy exception becomes." *Batteries Plus, LLC v. Mohr*, 2001 WI 80, ¶ 38, 244 Wis. 2d 559, 578, 628 N.W.2d 364, 374. Villareal's reliance on the "spirit" of 21 U.S.C. § 360bbb-3 to show that her discharge was contrary to a "fundamental and well-defined public policy" is unpersuasive. *Cf. Id.* ("Mohr argues that his discharge is contrary to the spirit of the statute, but we find his situation falls outside the terms of the statute."). Because Villareal has failed to allege that her discharge was contrary to a fundamental and well-defined public policy, she has failed to plead a wrongful discharge claim upon which relief can be granted. Rocky Knoll's motion with regard to her wrongful discharge claim will be granted.

**IT IS THEREFORE ORDERED** that defendant's motion to dismiss (ECF No. 5) is **granted in part.** It is granted with respect to Villareal's wrongful discharge claim. Villareal's wrongful discharge claim is dismissed without prejudice. The motion is denied in all other respects. Villareal can proceed with her Title VII claim.

**IT IS FURTHER ORDERED** that plaintiff's motion to for leave to file a surreply is denied as moot.

Dated at Milwaukee, Wisconsin this 17th day of November, 2021.

WILLIAM E. DUFFIN
U.S. Magistrate Judge