UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

RUTH VILLAREAL,

    Plaintiff,

v.                                              Case No. 21-CV-729

ROCKY KNOLL HEALTH CARE CENTER,

    Defendant.

## ORDER

Plaintiff Ruth Villareal is a licensed practical nurse who was previously employed by defendant Rocky Knoll Health Center. (ECF No. 1, ¶ 5.) Rocky Knoll is a skilled nursing facility that "provides skilled nursing and health care services to those individuals that are most at risk of suffering severe illness or death if they contract COVID-19." (ECF No. 5 at 1-2.) In the summer of 2020 it "enacted a policy requiring COVID-19 testing every two weeks for its staff, vendors, and volunteers." (*Id.* at 2.) Villareal asked for an exemption from that policy, claiming that her Hebrew Roots religion requires her to decline medical intervention in the absence of sickness. (ECF No. 1, ¶ 11.) Rocky Knoll did not grant her an exemption. (*Id.*, ¶ 16.) When Villareal

continued to refuse COVID-19 testing, Rocky Knoll terminated her employment. (*Id.*, ¶¶ 16-17.)

Villareal brought this lawsuit claiming that Rocky Knoll discriminated against her and failed to accommodate her religious beliefs in violation of Title VII and also claiming wrongful discharge. (ECF No. 1, ¶¶ 38-39, 24-25.) Her wrongful discharge claim was dismissed in November 2021. (*See* ECF No. 14.)

The parties have since been engaged in discovery. As part of that discovery, Rocky Knoll requested that Villareal "identify every Medical Provider that she has seen in the past ten years." (ECF No. 21-1 at 9, ¶ 9.) Villareal objected to the interrogatory as "irrelevant" and "not likely to lead to information which would be admissible at trial." (ECF No. 21-2 at 7.) Rocky Knoll responded, explaining that Villareal's medical providers' identity is "relevant" because Villareal

> claims that her religious beliefs do not permit her to seek medical intervention in the absence of sickness. Accordingly, [she] has put her medical history at issue and [Rocky Knoll] is entitled to know the identity of [her] Medical Providers in order to inquire as to her history of seeking or not seeking medical intervention of testing.

(ECF No. 21-3 at 2.) Villareal then identified Advocate Aurora Health as the only Medical Provider she has seen in the last ten years. (ECF No. 21-4 at 1.)

Rocky Knoll next provided Villareal with a medical authorization and asked that she sign it within the next seven days. (ECF No. 21-5 at 2-3.) Villareal refused. (*Id.* at 1, 2.) Rocky Knoll asks that the court compel Villareal to sign the authorization. (ECF No.

20.) It argues that Villareal "has put her medical history directly at issue in this case as whether she has consistently adhered to this belief prior to her requested accommodation is relevant to whether that belief is 'sincerely held.'" (*Id.*, ¶ 12 (citing *Adeyeye v. Heartland Sweeteners, LLC*, 721 F.3d 444, 448 (7th Cir. 2013)).) It maintains that it is "entitled to [Villareal's] medical records to see if and how many times she has previously sought medical testing, treatment, or other intervention in the absence of sickness." (*Id.*, ¶ 13.)

Villareal responds that her medical records are "outside the scope outlined by Fed. R. Civ. P. 26(b)(1)" because they are "privileged, controversial, not relevant to parties or proportional to the needs of the case, and not important to the resolutions of the issues in this case." (ECF No. 22 at 2.) "To put it simply, whether [Villareal's] medical records show she had other diagnostic testing done in the absence of sickness does not determine if her belief is sincere." (*Id.* at 3.) She "has less intrusive and less controversial ways to prove that she was acting on the basis of her own sincere religious beliefs," and "an intrusive inquisition such as medical records request is grossly disproportional to the needs of this case." (*Id.* at 3-4.)

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). "Relevant to any party's claim or defense" is a "very broad" standard. § 2008 Relevancy to the Claims or Defenses—Admissibility not Required, 8 Fed. Prac. &

Proc. Civ. § 2008 (3d ed.). Indeed, the "scope of relevance for discovery purposes is necessarily broader than it is for trial evidence." *Coleman v. Illinois*, Case No. 19 C 3789, 2020 WL 5752149, at *3, 2020 U.S. Dist. LEXIS 177020, at *9 (N.D. Ill. Sept. 25, 2020) (quoting *Doe v. Loyola Univ. Chi.*, Case No. 18 CV 7335, 2020 WL 406771, at *2, 2020 U.S. Dist. LEXIS 12289, at *9 (N.D. Ill. Jan. 24, 2020)). Additionally, relevance in discovery should "be construed liberally and with common sense, rather than in terms of narrow legalism." § 2008 Relevancy to the Claims or Defenses—Admissibility Not Required, 8 Fed. Prac. & Proc. Civ. § 2008 (3d ed.); *see also Sailsbery v. Village of Sauk Village*, Case No. 15-cv-10564, 2020 WL 5570091, at *2, 2020 U.S. Dist. LEXIS 170439, at *4 (N.D. Ill. Sept. 17, 2020) ("[T]he [c]ourt should be permissive when considering relevance objections.").

As Rocky Knoll notes, the "core" of Villareal's lawsuit is that her "sincerely held religious belief requires her to decline medical intervention in the absence of sickness." (ECF No. 20, ¶ 12.) Villareal's medical records are relevant to determining whether she has a history of declining medical intervention in the absence of sickness. Whether she has such a history is relevant in determining whether "her refusal to be tested for COVID-19 is based on a sincerely held religious belief." (*Id.*, ¶ 13.) Because Villareal has put her medical history at issue, she cannot invoke physician-patient privilege to prevent Rocky Knoll from accessing these relevant documents. *Cf. Sallis v. Hiedemann*, No. 18-CV-1179, 2019 WL 2234048, at *1 (E.D. Wis. May 23, 2019); *Ammons v. Gerlinger*, No. 06-C-20-C, 2007 WL 5659413, at *2 (W.D. Wis. Mar. 12, 2007); *see also* § 2016.6

Privileged Matter—Putting Privileged Material in Issue, 8 Fed. Prac. & Proc. Civ. § 2016.6 (3d ed.) ("When a party puts privileged matter in issue as evidence in a case, it thereby waives the privilege as to all related privileged matters on the same subject."). Therefore, Rocky Knoll's motion to compel is granted.

**IT IS THEREFORE ORDERED** that the plaintiff sign the medical authorization provided by the defendant within seven days from the date of this order.

Dated at Milwaukee, Wisconsin this 24th day of March, 2022.

WILLIAM E. DUFFIN
U.S. Magistrate Judge